**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HUMANA INC.,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., MERCK SHARP & DOHME CORP., SCHERING-PLOUGH CORP., SCHERING CORP., and GLENMARK PHARMACEUTICALS LTD.,<br><br>Defendants. | Case No. 2:23-cv-23023 (BRM) (LDW)<br><br>**MEMORANDUM ORDER** |
| MERCK & CO., INC., MERCK SHARP & DOHME CORP., SCHERING-PLOUGH CORP., and SCHERING CORP.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORP., AMERISOURCEBERGEN CORP., and CENCORA, INC.,<br><br>Third-Party Defendants. | |

**THIS MATTER** is before the Court on Defendants/Third-Party Plaintiffs Merck & Co., Inc., Merck Sharp & Dohme Corp., Schering-Plough Corp., and Schering Corp.'s (collectively, "Merck") and Third-Party Defendants AmerisourceBergen Drug Corporation, AmerisourceBergen Corporation, and Cencora, Inc. f/k/a AmerisourceBergen Corporation's (collectively, "Cencora") joint submission (the "Joint Submission") (ECF No. 194) seeking clarification of the Court's January 14, 2026 Opinion and Order staying the third-party action "for

ninety days to allow the parties to complete mediation efforts [before the Honorable Layn R. Phillips, U.S.D.J. (ret.)] pursuant to Paragraph 16 of the Settlement Agreement" (ECF No. 153 at 30; *accord* ECF No. 154). Paragraph 16 states, "If any disputes arise out of the proper interpretation of this [Settlement] Agreement, said disputes are to be mediated on an expedited basis and decided in the first instance by Judge [Phillips]." (ECF No. 85-1 ¶ 16.)

According to the Joint Submission, the parties participated in a mediation session before Judge Phillips on May 19, 2026 (ECF No. 194 at 1–2; *see also* ECF Nos. 173, 174 (requesting and granting a thirty-five day extension to complete the mediation efforts based on the availability of the parties and Judge Phillips)), during which Judge Phillips mediated the dispute but failed to decide the dispute in the first instance (ECF No. 194 at 1–2). As a result, Merck argues the parties have completed mediation efforts in compliance with both Paragraph 16 and the January 14, 2026 Opinion and Order (*see id.* at 1–2), whereas Cencora posits the third-party action should be further stayed to complete the second step of the mediation efforts—allowing Judge Phillips to decide the dispute in the first instance (*see id.* at 2–4).

In response, the Court ordered the parties to submit additional briefing regarding whether Paragraph 16 "requires Judge Phillips to enter a binding determination as to the relevant issues in this action." (ECF No. 199.) Both Cencora and Merck subsequently submitted their respective

additional briefs (ECF Nos. 204, 207),[1] neither of which sufficiently demonstrates Paragraph 16 requires Judge Phillips to enter a final, binding decision[2] (*see generally* ECF Nos. 204, 207.)

The Court clarifies the January 14, 2026 Opinion and Order stayed the third-party action for ninety days to allow the parties to complete *all* mediation efforts. The Court finds Paragraph 16 does not entail a two-step process requiring Judge Phillips to first mediate the dispute on an expedited basis and to then separately decide the dispute in the first instance as a condition precedent to litigation. (*See* ECF No. 85-1 ¶ 16.) Rather, Paragraph 16 requires all mediation efforts, including the non-binding initial determination, to be completed "*on an expedited basis.*" (*See id.* (emphasis added).) Notably, neither party has provided an explanation as to why the non-binding initial determination could not have been completed during the mediation session. Therefore, to the extent Paragraph 16 required Judge Phillips to enter a non-binding decision, such a determination is not a condition precedent to litigation and should have been completed in tandem with the other mediation efforts on May 19, 2026. *See Exxon Mobil Corp. v. Saudi Basic*

[1] Merck filed its brief redacted (*see* ECF No. 204; *see also* ECF No. 205 (filing sealed unredacted brief); ECF No. 206 (filing sealed unredacted copy of the Settlement Agreement)), and Cencora filed its brief sealed (*see* ECF No. 207; *see also* ECF No. 218 (filing unsealed brief)). On July 14, 2026, the parties submitted a joint motion to seal their respective briefs and exhibits. (ECF No. 214.) On August 4, 2026, the Court entered an order granting in part and denying in part the motion to seal. (ECF No. 217 (granting request to seal the exhibits but denying the request to seal the briefs).)

[2] In response to the Court's question of whether Paragraph 16 "requires Judge Phillips to enter a binding determination as to the relevant issues in this action" (ECF No. 199), Cencora argues, "[t]he answer to the question posed by this Court is an unqualified yes" (ECF No. 204 at 3). However, Cencora raises the "answer" in the first paragraph prior to the "Preliminary Statement" section in its' additional briefing without any authority in support of same. (*See id.*) Cencora fails to further address the question or expand upon its answer in the "Argument" section of the brief instead focusing on its argument that Paragraph 16 requires a distinct and separate two-step process as a precursor to litigation. (*See id.* at 7–11.) It is well-established, an argument raised in passing, "but not squarely argued, [is] considered [forfeited]." *United States v. Walters*, 151 F.4th 122, 127 (3d Cir. 2025) (second alteration in original) (quoting *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997)).

*Indus. Corp.*, 941 F. Supp. 2d 513, 517–18 (D.N.J. 2005); *accord Dvorak v. AW Dev., LLC*, No. A-3531-14T2, 2016 WL 595844, at *3 (N.J. Super. Ct. App. Div. Feb. 16, 2016).

Alternatively, even if the Court were to interpret Paragraph 16 as requiring a distinct and separate second step as a condition precedent, Cencora waived their right to compel same. *See Cole v. Jersey City Med. Ctr.*, 72 A.3d 224, 233 (N.J. 2013) (recognizing under New Jersey law a party may waive the right to enforce an alternative dispute resolution provision if it acts inconsistent with the provision's procedures). The January 14, 2026 Opinion and Order stayed the third-party action "for ninety days to allow the parties to complete mediation *efforts* pursuant to Paragraph 16" (ECF No. 153 at 30 (emphasis added); *accord* ECF No. 154). As noted by Cencora, the word "efforts" required the parties to complete more than a single mediation session. (*See* ECF No. 194 at 2 ("The word 'efforts'–plural– . . . negates Merck's position that the parties only needed to participate in a single session.").) Rather, the plain language of the order required the parties to complete *all* mediation efforts within the time allocated. Therefore, the parties were required either to schedule the second step or to request an extension of the stay for purposes of scheduling same within the time allocated to complete the mediation efforts. (*See* ECF Nos. 153, 154; *see also* ECF No. 174 (requesting and granting request to extend the stay an additional thirty-five days to complete the mediation efforts on May 19, 2026); ECF No. 175 (granting same).) Having failed to do either, Cencora inherently waived their right to compel additional mediation efforts under Paragraph 16 and the January 14, 2026 Opinion and Order.

Therefore, the Court clarifies that the January 14, 2026 Opinion and Order stayed the third-party action for ninety days to allow the parties to complete *all* mediation efforts pursuant to Paragraph 16 of the Settlement Agreement, and the parties have successfully completed mediation

efforts in compliance with both Paragraph 16 of the Settlement Agreement and the January 14, 2026 Opinion and Order.

Accordingly, for the reasons set forth above, and for good cause appearing,

**IT IS** on this 13th day of August 2026,

**ORDERED** that the stay of the third-party action is lifted and the litigation shall proceed.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**