**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HUMANA INC.,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., MERCK SHARP & DOHME CORP., SCHERING-PLOUGH CORP., SCHERING CORP., and GLENMARK PHARMACEUTICALS LTD.,<br><br>Defendants. | Case No. 2:23-cv-23023 (BRM) (LDW)<br><br>**OPINION** |
| MERCK & CO., INC., MERCK SHARP & DOHME CORP., SCHERING-PLOUGH CORP., and SCHERING CORP.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORP., AMERISOURCEBERGEN CORP., and CENCORA, INC.,<br><br>Third-Party Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Third-Party Defendants AmerisourceBergen Drug Corporation, AmerisourceBergen Corporation, and Cencora, Inc. f/k/a AmerisourceBergen Corporation's (together, "Cencora") Motion for Reconsideration of the Court's August 13, 2026 Order Lifting the Stay of the Third-Party Action ("Motion"). (ECF No. 222.) Cencora filed a Notice of Supplemental Authority regarding the same. (ECF No. 223.) Defendants/Third-Party Plaintiffs

Merck & Co., Inc., Merck Sharp & Dohme Corp., Schering-Plough Corp., and Schering Corp.'s (together, "Merck") filed an Opposition. (ECF No 224.) Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Cencora's Motion is **DENIED.**

## I. BACKGROUND

The Court incorporates by reference the underlying facts set forth in its August 13, 2026 Order Lifting the Stay of the Third-Party Action ("Order"). (ECF No. 219.) In a January 14, 2026 Opinion and Order, this Court stayed the parties' third-party indemnification action "for ninety days to allow [them] to complete mediation efforts [before the Honorable Layn R. Phillips, U.S.D.J. (ret.)] pursuant to Paragraph 16 of the Settlement Agreement." (ECF No. 153 at 30; *accord* ECF No. 154.) Paragraph 16 states, "[i]f any disputes arise out of the proper interpretation of this [Settlement] Agreement, said disputes are to be mediated on an expedited basis and decided in the first instance by Judge [Phillips]." (ECF No. 85-1 ¶ 16.) The Court subsequently extended the stay to give the parties additional time to complete the mediation efforts based on the availability of the parties and Judge Phillips. (*See* ECF No. 174.) The parties participated in an in-person mediation session with Judge Phillips on May 19, 2026. (*See* ECF No. 194 at 1–2). On June 9, 2026, the Court ordered the parties to submit briefing responsive to the question of "whether Paragraph 16 of the Settlement Agreement requires Judge Phillips to enter a binding determination as to the relevant issues in this action." (ECF No. 199.)

After having considered the parties' briefing (*see* ECF Nos. 222-1, 224), the Court entered the Order and lifted the stay of the third-party action, finding that the parties had "successfully completed mediation efforts in compliance with both Paragraph 16 of the Settlement Agreement

and [this Court's] January 14, 2026 Opinion and Order." (ECF No. 219 at 4–5). The Court held that "Paragraph 16 does not entail a two-step process requiring Judge Phillips to first mediate the dispute on an expedited basis and to then separately decide the dispute in the first instance as a condition precedent to litigation." (*Id.* at 3.) Lastly, the Court found that Cencora had "inherently waived [its] right to compel additional mediation efforts" by failing to request an extension for any second step within the allocated time. (*Id.* at 4.)

On August 27, 2026, Cencora filed its Motion for Reconsideration of this Court's Order (*see* ECF No. 222), as well as a Notice of Supplemental Authority on September 4, 2026 (*see* ECF No. 223). On September 8, 2026, Merck filed its Opposition. (*See* ECF No. 224.)

## II. Legal Standard

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-01632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010). However, "reconsideration is an extraordinary remedy[] that is granted 'very sparingly,' and only when '"dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered.'" *Brackett v. Ashcroft*, Civ. A. No. 03-03988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (citation omitted); *see also Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) ("[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."

(citation omitted)). Rather, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked[.]" L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule."). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-04590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id*. Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and

is inappropriate on a motion for [reconsideration]."); *Schiano v. MBNA Corp.*, Civ. A. No. 05-01771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process." (citations omitted)).

## III. Decision[1]

Cencora contends reconsideration is warranted here because: (i) Merck's conduct prevented the parties from contemplating the process set forth in Paragraph 16 of the Settlement Agreement; (ii) this Court should consider the September 3, 2026 decision of the United States District Court for the District of Minnesota in *United HealthCare Servs., Inc. v. Merck & Co., Inc., et al.*, No. 0:20-cv-01909-DSD-DTS (the "Minnesota Opinion"); (iii) Cencora did not waive its rights under Paragraph 16; and (iv) the language of Paragraph 16 does not require Judge Phillips to make a decision on an expedited basis. The Court addresses these arguments in turn.

### A. Factual Matters and Controlling Decisions Cencora Claims the Court Must Now Consider

Cencora argues this Court overlooked material factual matter before entering its Order, specifically that the Court did not consider Cencora "took all reasonable efforts to complete the [mediation] process within the timeframe of the existing stay" and it was "actively working to complete the process contemplated by Paragraph 16 of the Settlement Agreement." (ECF No. 222-

[1] As a threshold matter, the Motion is timely. Local Civil Rule 7.1(i) provides that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion." The Motion was filed on August 27, 2026, within 14 days of this Court's August 13, 2026 Order. To the extent that Order relates back and clarifies the Court's earlier January 14, 2026 Opinion and Order staying the third-party action for ninety days (ECF No. 153 at 30), the ninety-day stay and its subsequent extension stayed the tolling of Local Civil Rule 7.1(i) until the stay was formally lifted on August 13, 2026. *See, e.g.*, *Hall v. Johnson & Johnson*, Civ. A. No. 18-1833, 2023 WL 8830784, at *3 (D.N.J. Dec. 20, 2023) (accepting movant's position that the automatic stay and subsequent administrative termination of the case tolled the deadlines for filing its motion for reconsideration).

1 at 9.) Cencora further argues in its September 4, 2026 Notice of Supplemental Authority[2] this Court "should reach the same conclusion as the Minnesota court" regarding the meaning of Paragraph 16 "and reconsider its August 13, 2026, order lifting the stay of third-party litigation." (ECF No. 223 at 3.)

Merck responds by arguing Cencora has failed to identify any new facts the Court overlooked (*see* ECF No. 224 at 9), and Cencora's proffered new facts are "matters known to Cencora long before its June 30 submission" (*Id*. at 11). Merck also responds that the Minnesota Opinion does not satisfy any of the recognized grounds for granting reconsideration under Local Civil Rule 7.1(i). (*Id*. at 14–15.)

This Court agrees with Merck that it did not overlook any matter or controlling decisions in rendering its Order. Cencora concedes the point that neither party had provided an explanation as to why the non-binding initial determination could not have been completed during the mediation session. (*See* ECF Nos. 219 at 3, 222-1 at 9, 224 at 10.) Cencora does not explain in its briefing that it had previously requested an extension of the stay to complete the process contemplated by Paragraph 16 of the Settlement Agreement nor that Judge Phillips remained prepared to facilitate the process. (ECF No. 222-1 at 9.) Cencora also did not explain that it was working to schedule a second session with Judge Phillips. (*Id*.) These facts[3], had they been provided, would have been responsive to the Court's question of whether Paragraph 16 "requires Judge Phillips to enter a binding determination as to the relevant issues in action." (ECF No. 199.)

---

[2] Merck notes in its Opposition that Cencora's Notice of Supplemental Authority conflicts with this District's Local Civil Rule 7.1(d)(3) and 7.2(b) governing replies. (*See* ECF No. 224 at 14.) Although the Court agrees Cencora's Notice of Supplemental Authority contains new arguments and constitutes separate reply briefing prohibited under the Local Rules, the Court in its discretion will address Cencora's arguments.

[3] Indeed, the Declaration of Patrick D. Doran, Esq. ("Decl.") includes a litany of contested facts that were not provided in response to the Court's inquiry. (*See* ECF No. 222-2 ¶¶ 3–12.)

Because Cencora made the strategic decision not to include them in its June 30 submission, it cannot now rely on a declaration by counsel to circumvent Local Civil Rule 7.1(i)'s stringent requirements.[4] *See Red Roof Franchising LLC, Inc. v. AA Hosp. Northshore*, *LLC*, 937 F. Supp. 2d 537, 545 n.7 (D.N.J. 2013) ("[A]bsent unusual circumstances, [the] court should reject new evidence which was not presented when the court made the contested decision." (citation omitted)).

The Minnesota Opinion also does not give this Court cause to reconsider its Order. The Minnesota Opinion clarifies an earlier and disparate order of that court in action between Merck and a different defendant. Moreover, the Minnesota Opinion simply does not qualify as an "intervening change in the controlling law" or a "binding precedent demonstrating a clear error of law." *See Matthews v. United Airlines, Inc*., Civ. A. No. 02-12895, 2026 WL 2588401, at *3-4 (D.N.J. Sept. 2, 2026) (holding that a non-precedential Third Circuit opinion "is not a 'controlling decision[]' the Court 'overlooked'"); *D&D Assocs. v. Board of Educ. of N. Plainfield*, Civ. A. No. 03-1026, 2009 WL 904054, at *2 (D.N.J. Mar. 31, 2026) (explaining a decision that is not binding Third Circuit or Supreme Court precedent is not an intervening change in the controlling law for purposes of a motion for reconsideration).

**B. Cencora's Waiver-By-Conduct**

Cencora argues that it did nothing to relinquish or abandon its rights under Paragraph 16, and it has consistently maintained (throughout the underlying action and this action) that Paragraph 16 presents a condition precedent to litigation. (*See* ECF No. 222-1 at 12–13.)

[4] The Declaration also includes developments that post-date Cencora's June 30, 2026 submission to this Court regarding what Paragraph 16 required. (*See* ECF No. 222-2 ¶ 13.)

Merck responds by arguing Cencora waived its rights to compel further proceedings by declaring an impasse at the May 19, 2026 mediation session, by never seeking additional proceedings until after the mediation ended, and by its conduct in the third-party action. (*See* ECF No. 224 at 16, 18.)

The Court finds Cencora indeed waived its ability to compel a distinct and separate second step as a condition precedent to litigation. Merck is correct the law in this Circuit is that a party may waive its right to compel arbitration by its litigation conduct, such as where, "from the outset of litigation," a defendant is "on notice that plaintiffs' claims could be arbitrable." *See White v. Samsung Elec. Am. Inc.*, 61 F.4th 334, 340 (3d Cir. 2023) (holding that "in analyzing whether waiver has occurred, a court focuses on the actions of the party who held the right and is informed by the circumstances and context of each case" (citation modified)); *see also Cole v. Jersey City Med.*, 72 A.3d 224, 231 (N.J. 2013) (finding that waiver of alternative dispute resolution rights is a "fact-sensitive analysis" that "can occur implicitly if the circumstances clearly show that the party knew of the right and then abandoned it, either by design or indifference").[5]

An analysis of Cencora's conduct militates toward waiver. The Court provided the parties time to complete all "mediation *efforts*" pursuant to Paragraph 16. (*See* ECF No. 153 at 30 (emphasis added).) Rather than petition this Court for additional time to continue with mediation when the May 19, 2026 session was not successful, Cencora waited for the expiration of the stay to request additional relief in a post-mediation status report. If Cencora sought binding arbitration, it should have filed a motion to compel sooner. (*See* ECF No. 219 at 4.) The record reveals

---

[5] The Court agrees with Merck that *Parkin v. Avis Rent A Car Sys. LLC*, -- F.4th --, Civ. A. No. 25-1385, 2026 WL 2472484 (3d Cir. Aug. 24, 2026) is distinguishable for the reasons described in its Opposition.

Cencora's May 26, 2026 Joint Status Report was the first time it represented Paragraph 16's mediation mechanism was bifurcated by design.[6] (*See* ECF No. 194.) And in the time Cencora could have moved for binding arbitration, it engaged in dispositive motion practice (*see* ECF No. 83), and agreed to a discovery plan stating that the case was "not appropriate for voluntary arbitration" (ECF No. 88 at 14.) Cencora "acted inconsistently with an intent to assert its right to arbitrate." *White*, 61 F.4th at 340.

If Cencora is right that its preferred reading of Paragraph 16 is truly "what the parties negotiated during settlement" (ECF No. 222-1 at 16), then Cencora was on notice "from the outset of litigation . . . plaintiffs' claims could be arbitrable." *White*, 61 F.4th at 340. However, Cencora made the decision to litigate and proceed to mediation. Cencora is bound by that decision.

**C. Paragraph 16 of the Parties' Settlement Agreement**

Cencora argues that a decision in the first instance by Judge Phillips is part of the dispute resolution process contemplated by Paragraph 16. (*See* ECF No. 222-1 at 11.) Paragraph 16 provides, "[i]f any disputes arise out of the proper interpretation of this Agreement, said disputes are to be mediated on an expedited basis and decided in the first instance by Judge Layn R. Phillips." (ECF No. 85-1 ¶ 16.) Cencora's argument is as follows: the phrase "expedited basis" in this provision modifies the term "mediated" and, therefore, does not imply that the decision "in the first instance" need also be expedited, or even be part of the same overall mediation proceeding. (*See* ECF No. 222-1 at 11–12.)

[6] The citations to the record Cencora brings to the Court's attention in its Motion are not to the contrary. (*See* ECF No. 222-1 at 12–13.) Indeed, Cencora admits it "never requested bifurcation of the proceedings into 'mediation' and 'decision' steps." (*Id*. at 15 (citing ECF No. 222-2 ¶ 8).)

Merck responds by arguing that the contract "establishes a single, integrated dispute-resolution procedure" and that the rule of last antecedent is inapplicable because the phrase "expedited basis" modifies the entire dispute mechanism. (ECF No. 224 at 20.)

The Court agrees with Merck that the canon of last antecedent is not applicable to Paragraph 16 of the Parties' Settlement Agreement. Paragraph 16 requires all mediation efforts, including the non-binding initial determination, to be completed "on an expedited basis" as both the mediation efforts as well as the determination in the first instance flow from the same "expedited" proceeding.[7] *See Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 419 (3d Cir. 2011) (explaining "the last-antecedent rule 'is not an absolute and can assuredly be overcome by other indicia of meaning'" (citation omitted)).

The caselaw Cencora cites is not persuasive. The court in *J.C. Penney Life Ins. Co. v. Pilosi* emphasized there were other "indicia point[ing] towards the conclusion" that the phrase "for regular passenger service" modified the last antecedent "licensed." 393 F.3d 356, 365–66. Significantly, the modifier in that case proceeded both the terms "operated" and "licensed," and the dispute was whether "for regular passenger service" modified the latter of the two or both. Unlike the provision in *Pilosi*, Paragraph 16 is structured differently with the modifier "expedited" appearing in the middle of the clause. Therefore, it cannot be said that the limiting clause "comes at the end of a list." *Cf. Days Inn Worldwide, Inc. v. Shri Ganesai LLC*, 791 F. Supp. 3d 540, 548 (D.N.J. 2025).

---

[7] Cencora contends that had the parties meant for the phrase "expedited basis" to cover the entire mediation mechanism, they would have drafted Paragraph 16 to read "said disputes are to be mediated and decided in the first instance on an expedited basis by Judge Layn R. Phillips." (*See* ECF No. 222-1.) This argument cuts both ways. The parties were also free to draft Paragraph 16 with the insertion of an adverb like "separately" or "subsequently" between the words "and" and "decided" to clarify that "decided in the first instance" requires something different from "mediated on an expedited basis." But the parties did not.

Lastly, the language of Paragraph 16 is not explicit enough to overcome the presumption that the clause is not a condition precedent to litigation, a point Cencora did not address in its Motion. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 941 F. Supp. 2d 513, 518 (D.N.J. 2005) ("[T]he parties must not only agree to submit the dispute to a third party, but also agree not to pursue litigation until the process is completed." (citation modified)); *accord Dvorak v. AW Dev., LLC*, No. A-3531-14T2, 2016 WL 595844, at *3 (N.J. Super. Ct. App. Div. Feb. 16, 2016) (holding "non-binding arbitration 'is not a condition precedent to litigation absent explicit intent to the contrary'" (citing *Exxon Mobil Corp.*, 941 F. Supp. 2d at 517–18)).

A party does not meet the high bar set by Local Civil Rule 7.1(i) by simply relitigating a question of contract interpretation. *See ABS Brokerage Servs.*, 2010 WL 3257992, at *6 ("[A] party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling[.]"). A court's interpretation of a contract that differs from the party's does not by itself arise to the level of "manifest errors of law or fact." *Danise*, 738 F. App'x at 52.

## IV. CONCLUSION

For the reasons set forth above, the Motion (ECF No. 222) is **DENIED**. The parties are free to participate in future mediation sessions with Judge Phillips, unless ordered otherwise by this or any other court. An appropriate order follows.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: September 22, 2026