**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HUMANA INC.,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., MERCK SHARP & DOHME CORP., SCHERING-PLOUGH CORP., SCHERING CORP., and GLENMARK PHARMACEUTICALS LTD.,<br><br>Defendants. | Case No. 2:23-cv-23023 (BRM) (LDW)<br><br>**OPINION** |
| MERCK & CO., INC., MERCK SHARP & DOHME CORP., SCHERING-PLOUGH CORP., and SCHERING CORP.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORP., AMERISOURCEBERGEN CORP., and CENCORA, INC.,<br><br>Third-Party Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Third-Party Plaintiffs Merck & Co., Inc., Merck Sharp & Dohme Corp., Schering-Plough Corp., and Schering Corp.'s, (together, "Merck") Application for an Order Granting Temporary Restraining Order and Order to Show Cause Why Third-Party Defendants Should Not Be Held in Civil Contempt and Sanctioned (the "Application"). (ECF No. 231.) On

September 25, 2026, Cencora submitted a letter to the Court previewing[1] its opposition to Merck's Application. (ECF No. 235.) Having reviewed and considered the parties' submissions filed in connection with the Application and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Merck's Application is **DENIED.**

## I. BACKGROUND

The Court incorporates by reference the underlying facts set forth in its August 13, 2026 Order Lifting the Stay of the Third-Party Action (ECF No. 219), as well as its September 22, 2026 Opinion denying Cencora's Motion for Reconsideration ("September 22, 2026 Opinion") (ECF No. 226). Following this Court's Opinion on September 22, 2026, the parties submitted a joint status letter to the Honorable Leda D. Wettre, U.S.M.J. in preparation for a telephonic status conference on September 29, 2026 at 2:30 p.m. and requesting an Order requiring the parties to meet and confer to submit a case schedule. (ECF No. 228.) Three days later, Merck submitted the pending Application for injunctive relief preventing Cencora from participating in a proceeding scheduled for October 8, 2026 before Judge Layn R. Phillips. (ECF No. 231.) Cencora has expressed its opposition to the Application via status letter to the Court. (ECF No. 235.)

## II. LEGAL STANDARD

Preliminary injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson-Merck Consumer Pharms. Co*., 290

[1] Cencora in its letter states, "[a]s a preliminary matter, and for reasons the Cencora Entities will explain in their opposition papers, Merck's position is legally and factually meritless." (ECF No. 235 at 1.) Cencora also requests "a telephonic conference at the Court's convenience to initially address this dispute efficiently and expeditiously." (*Id*. at 2.) The Court finds, in light of its ruling here, that a formal opposition from Cencora and a telephone conference are not needed.

F.3d 578, 586 (3d Cir. 2002)). The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994).

In order to obtain a temporary restraining order or preliminary injunction, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. Cnty. of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)).

The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly*, 858 F.3d at 179. A court may issue an injunction to a plaintiff "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback & Conserve Program*, 42 F.3d 1421, 1427 (3d Cir. 1994) (citation omitted); *see also P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) ("The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate."); *Ferring*, 765 F.3d at 210.

## III. DECISION

Merck posits that Cencora is precluded from participating in an October 8, 2026 mediation session[2] by this Court's August 13, 2026 Order Lifting the Stay of the Third-Party Action and September 22, 2026 Opinion and Order. (ECF No. 231-1 at 9–10.) Merck moves this Court for injunctive relief barring Cencora's attendance at the mediation session. Cencora denies it has engaged in "any action in contravention of this Court's Orders" and that Cencora has "taken actions directly in compliance with the order lifting the stay by filing their Answer to Merck's Third Party Complaint." (ECF No. 235 at 1–2.)

Merck cannot demonstrate "a reasonable probability of eventual success in the litigation" and for this reason, its Application fails. *Reilly*, 858 F.3d at 176 (citation omitted). This Court's September 22, 2026 Opinion explicitly states, "The parties are free to participate in future mediation sessions with Judge Phillips, unless ordered otherwise by this or any other court." (ECF No. 226 at 11.) Merck claims that line was "plainly directed to ***other*** future mediation sessions with Judge Phillips, not the very 'determination in the first instance' [] proceeding that the Court had just spent the previous pages rejecting and with regard to which the Court concluded that Cencora had 'waived its ability to compel.'" (ECF No. 231-1 at 26–27.) This reading of the Court's September 22, 2026 Opinion strains credibility. The Court cannot fathom any legitimate reason to preclude (subject to Judge Phillips's discretion) Cencora's attendance and participation in the mediation.

[2] Merck, along with its other Third-Party Defendant Cardinal Health, Inc., are obligated to appear at that mediation session by a Minnesota court order. (ECF No. 231-1 at 10; *see also* ECF No. 223-1 at 12 ("The October 8, 2026 proceeding may be used to obtain the first-instance determination required by Paragraph 16, but shall not proceed as a compulsory plenary arbitration.").)

In permitting the parties to engage in "future mediation sessions," this Court intended that phrase to include the October 8, 2026 session scheduled before Judge Phillips. Further, this Court finds Cencora has not engaged in sanctionable conduct simply by seeking to participate in a mediation session in which Merck and Cardinal Health Inc. are scheduled to appear.

## IV. CONCLUSION

For the reasons set forth above, Merck's Application (ECF No. 231) is **DENIED**. Unless this or any other Court orders otherwise, the parties are free to attend future mediation sessions with Judge Phillips, including the mediation session scheduled for October 8, 2026.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: September 28, 2026